IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2025-cv-3127

DIAMOND STATE INSURANCE COMPANY,

    Plaintiff,

vs.

HIGHER POWER ENTERTAINMENT, LLC; KEVIN HENDERSON a/k/a
KEVIN KANE;  Mychal Bellamy A/K/A DJ SQUIZZY TAYLOR; CHRISTIAN
COOK A/K/A HOLLYWOOD COOK; DEONTE HILL; and MARCUS
RUSSELL

    Defendant.

---

## COMPLAINT FOR DECLARATORY JUDGMENT

    Plaintiff Diamond State Insurance Company (hereinafter "Diamond State") by and through its attorneys, hereby alleges as follows against Defendants Higher Power Entertainment, LLC; Kevin Henderson a/k/a Kevin Kane; Mychal Bellamy a/k/a/ DJ Squizzy Taylor; Christian Cook a/k/a/ Hollywood Cook; Deonte Hill; and Marcus Russell

## <u>INTRODUCTION</u>

    1.    Plaintiff brings this action for Declaratory Relief/Judgment pursuant to 28 U.S.C. §2201 and Fed.R.Civ. P. 57 requesting a judgment declaring the respective rights and obligations of the parties in connection with an actual controversy arising under a commercial insurance policy issued by Diamond State Insurance Company ("Diamond State") to  Higher Power Entertainment, LLC, DBA 4play  ("HPE").

2.      The policy at issue is Diamond State policy number VEP0261962, effective March 7, 2022 to September 7, 2022 (the "Policy"). A certified copy of the Policy is attached hereto as Exhibit 1.

3.      The claim tendered by HPE to Diamond State for coverage under the Policy involves liability for a shooting at a nightclub in Denver, Colorado occurring on or around May 8, 2022 (the "Incident").

4.      In October 2022, Defendants Deonte Hill and Marcus Russell sued HPE and others in District Court, Denver County, Colorado, Case No. 2022CV31755 (the "HPE Lawsuit"). The HPE Lawsuit has been defended by Diamond State pursuant to a reservation of rights.

5.      In May 2024, a separate lawsuit was filed by Mr. Hill and Mr. Russell against Kevin Henderson a/k/a Kevin Kane, Mychal Bellamy a/k/a DJ Squizzy Taylor, and Christian Cook a/k/a Hollywood Cook, Denver District Court, Case No. 2024CV31394 (the "Henderson Lawsuit"). The HPE Lawsuit and the Henderson Lawsuit have recently been consolidated (hereinafter collectively the consolidated cases will be referred to as the "Underlying Lawsuit").

6.      Upon receipt of tender of the claim from HPE, Diamond State agreed to provide a defense in the Lawsuit pursuant to a reservation of rights under the Policy.

**PARTIES**

7.      Plaintiff Diamond State is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 3 Bala Plaza East, Suite 300, Bala Cynwynd, PA 19004

8.      Defendant HPE is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business located at 7820 E. 29th Ave., Denver, CO 80238.

9.      The three members of HPE are Kevin Henderson, Christian Cook, and Mychal Bellamy, each of who reside in the state of Colorado and are citizens thereof.

10.     Defendant Kevin Henderson is a principal of HPE and is a Colorado citizen.

11.     Christian Cook is a principal of HPE and is a Colorado citizen.

12.     Mychal Bellamy is a principal of HPE and is a Colorado citizen.

13.     Defendant Deonte Hill is a plaintiffs in the Underlying Lawsuit and is a Colorado citizen.

14.     Marcus Russell is a plaintiffs in the Underlying Lawsuit and is a Colorado citizen.

## JURISDICTION AND VENUE

15.     This action is brought pursuant to 28 U.S.C. §§ 1332 and 2201.

16.     Complete diversity exists because Diamond State is a citizen of a different state from each of the Defendants.

17.     The amount in controversy between Diamond State and the Defendants exceeds the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, to the extent any damages are covered under any applicable insurance policy.

18.     An actual controversy exists between the parties to this action.

19.     Diamond State is defending HPE and Kevin Henderson a, Mychal Bellamy a/k/a DJ Squizzy Taylor, and Christian Cook a/k/a Hollywood Cook under a reservation of rights against claims asserted in the Underlying Lawsuit.

20.     Diamond State seeks a judicial declaration as to whether and, if so, to what extent it may have a Coverage for the Incident.

21.     Kevin Henderson is a party who may claim an interest which would be affected by the declaration sought by Diamond State herein.

22.     Mychal Bellamy is a party who may claim an interest which would be affected by the declaration sought by Diamond State herein.

23.     Christian Cook is a party who may claim an interest which would be affected by the declaration sought by Diamond State herein.

24.     Deonte Hill is a party who may claim an interest which would be affected by the declaration sought by Diamond State herein.

25.     Marcus Russell is a party who may claim an interest which would be affected by the declaration sought by Diamond State herein.

26.     Pursuant to 28 U.S.C. § 1391(a)(1) and (2), proper venue for this action is the United States District Court for the District of Colorado, because all defendants reside within said District, and because Plaintiff and Defendant the incident occurred within said District.

## GENERAL ALLEGATIONS

27.     In July 2023, HPE tendered a claim to Diamond State arising out of the allegations of liability set forth in the Underlying Lawsuit. The claim involves a shooting taking place in Denver, Colorado on May 8, 2022, during the term of the Diamond State Policy.

28.     The Complaint filed in the Underlying Lawsuit alleges HPE was contracted with co-defendant Wazee to provide bar services and other services, including security services, at the nightclub located at the Nativ Hotel, 1612 Wazee Street, Denver, CO 80202.

29.     Specifically, Wazee leased portions of the Nativ Hotel property to HPE to host a birthday party for Mr. Russell, during which an altercation ensued and two unnamed armed men shot Mr. Russell and Mr. Hill. Mr. Hill was injured in the shooting.

30.     The claims asserted against HPE and others in the Underlying Lawsuit include premises liability pursuant to C.R.S. §13-21-115. This claim is based upon HPE's alleged failure to ensure proper security was in place at the event, permitting the two armed assailants to enter through the rear door and avoid a pat-down at the front entrance.

31.     The rental contract for use of the property where the Incident occurred and in force between the HPE and Wazee was executed in April 2022 (the "Rental Agreement"). The Rental Agreement states in relevant part as follows concerning security: "Use of Venue: . . . The Consultant also agrees to employ adequate security personnel to cover each event, not to allow gang members or any customer wearing gang apparel into the premises."

32.     HPE has contended in the Underlying Lawsuit that after the Rental Agreement was signed, HPE believed it "had no control over security personnel and that the owner wanted to maintain security personnel." HPE has further contended that it was forced to use Wazee's security personnel for the May 8th, 2022 event when the Incident occurred.

## <u>THE POLICY</u>

33.     Diamond State issued the Policy to HPE.

34.     The Policy provided, in part, the following coverages:

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgements or settlements under Coverages A or B or medical expenses under Coverage C.

(Policy, CG 00 01 04 13, p. 1 of 16)

35. The Policy provided, in part, the following exclusions:

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

*** 

**LIMITATION OF COVERAGE TO PREMISES/OPERATIONS**
This endorsement modifies insurance provided under the following:

. . .

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES**

This insurance applies only to "bodily injury" and "property damage" arising out of the ownership, maintenance or use of the designated premises and operations necessary or incidental to those premises.

(Policy, form F219 (10/1999).

36. The Declarations page of the Policy provides as follows:

LOCATION OF PREMISES
Location of All Premises You Own, Rent or Occupy:
Loc # 001 820 15th St., Denver, CO 80202-3209

(Policy, Commercial General Liability Coverage Part Declarations).

37. The Policy provided, in part, the following definitions:

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
. . .
13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(*Id.*, p. 15 of 16).

\*\*\*

"Insured Contract" means:

  **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

(Policy, form F219 (10/1999).

## **THE COVERAGE**

38.    Some of the claims and damages asserted in the Underlying Lawsuit do not describe "bodily injury" as defined in the Policy.

39.    For example, only Mr. Hill was injured in the shooting at the Nativ Hotel, with Mr. Russell alleging damages only based on fear from the armed assailants.

40.     Coverage under the Policy therefore does not apply to those claims or portions of the claims asserted in the Underlying Lawsuit

41.     Diamond State has reserved its right to deny coverage for any portion of the claim not meeting the Policy's definition of "bodily injury".

42.     Certain aspects of the HPE claim do not describe a covered "occurrence" or accident.

43.     Coverage under the Policy does not apply to those claims or portions of the claims asserted in the Lawsuits that does not represent a covered "occurrence"

44.     Diamond State has reserved its right to deny coverage for any portion of the claim not meeting the Policy's definition of an "occurrence"

45.     The claims filed in the Underlying Lawsuit allege bodily injury occurring at the Nativ Hotel, 1612 Wazee Street, Denver, CO 80202 with no reference to the insured premises described in the Policy.

46.     Diamond State has reserved its rights to limit or deny coverage for the claims asserted in the Underlying Lawsuit which do not represent "bodily injury" arising out of the ownership, maintenance or use of the designated premises and operations necessary or incidental to those premises located at 820 15th St., Denver, CO 80202-3209.

47.     The Policy provides no coverage for HPE's claim.

48.     Diamond State has no duty to defend HPE, Kevin Henderson a/k/a Kevin Kane, Mychal Bellamy a/k/a DJ Squizzy Taylor, and Christian Cook a/k/a Hollywood Cook in the Underlying Lawsuit.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief/Judgment)**

49.     Diamond State realleges and incorporates herein by this reference the allegations and Exhibits contained above as though fully set forth herein

50.     An actual controversy has arisen and now exists between Diamond State and the Defendants concerning Diamond State's rights and duties under the Policy.

51.     The rights, standards, obligations and other legal relations of Diamond State and the Defendant are affected by the terms and conditions of the Policy and the determination of whether coverage exists for the Defendant's claims under the Policy

52.     Defendant's actions do not constitute an "occurrence" pursuant to the terms of the Policy.

53.     The allegations of the Underlying Action are not "Bodily Injury"  as defined by the Policy.

54.     No damages arise out of or in connection with the property located at 820 15th St., Denver, CO 80202-3209.

55.     For reasons including, but not limited to those set forth in this Complaint, and based on the clear and unambiguous language contained in the Policy, Diamond State does not owe a further duty to provide coverage for Defendants under the Policy related to the Underlying Lawsuit.

56.     Diamond State desires a judicial determination of its rights and duties, along with a declaration that it has no duty to provide benefits to the Defendants under the Policy.

57.     Diamond State lacks any meaningful administrative remedies to address the controversy at issue here and otherwise has no adequate remedy at law to resolve the controversy.

58.     For reasons including, but not limited to those set forth in this Complaint, and based on the clear and unambiguous language contained in the Policy, Diamond State does not owe a further duty to provide coverage for Defendants under the Policy.

59.     Pursuant to 28 U.S.C. § 2201, *et seq.* and Fed R. Civ. P. 57, Diamond State respectfully requests a declaratory judgment from this Court that it does not owe any coverage obligations or payments to Defendants under the Policy including any further duty to provide coverage for the claims of any Defendant named herein, or any duty to defend or indemnify any claims made by any other third-parties under the liability provisions of the Policy.

60.     The determination sought herein does not depend on any factual determination of the Underlying Suit.

61.     Any delay in declaring and/or determining the parties' rights, duties, and obligations, will result in Diamond State expending unnecessary, and potentially unrecoverable, funds in defending the defendants herein in the Underlying Lawsuit.

## **PRAYER**

WHEREFORE, Plaintiff Diamond State prays for relief as follows:

1.  For a judgment declaring Diamond State's rights, duties, and/or obligations as to each Defendant and that there is no insurance coverage under the Policy.

2.  For a judgment declaring that Diamond State has no further obligation to defend or indemnify any Defendant with respect to the claims asserted in the Underlying Lawsuit.

3.  For a judgment declaring that Diamond State is entitled to withdraw from further participation in defense of the claims asserted in the Underlying Lawsuit.

4.  For a judgment declaring that Diamond State is entitled to recover and/or recoup the costs and expenses, including defense costs and fees, incurred in defending Higher Power Entertainment, LLC in the Underlying Suit since it has no obligation to defend or indemnify these parties.

5.  For costs of this suit;

6.  For such other and further relief as the Court deems just and proper.

**DATED:**  October 6, 2025                         RESNICK & LOUIS, P.C.

                                                              _/s/ Andrew D. Kurpanek_____
                                                              Andrew D. Kurpanek, Esq
                                                              **RESNICK & LOUIS P.C.**
                                                              DTC Corporate Center III
                                                              7900 East Union Ave., Suite 1100
                                                              Denver, CO 80237
                                                              Phone Number: (720) 370-5697
                                                              Email: akurpanek@rlattorneys.com
                                                              *Attorneys for Diamond State Insurance Company*